

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-18-00516-CR

Moses Eli **AVILA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CR7607
Honorable Lorina I. Rummel, Judge Presiding

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
              Karen Angelini, Justice
              Irene Rios, Justice

Delivered and Filed:  October 3, 2018

DISMISSED FOR LACK OF JURISDICTION

The trial court imposed sentence in Cause No. 2017CR7607 on March 20, 2018.  Because appellant did not file a motion for new trial, the notice of appeal was due to be filed on April 19, 2018.  TEX. R. APP. P. 26.2(a)(1).  A motion for extension of time to file the notice of appeal was due on May 4, 3028.  TEX. R. APP. P. 26.3.  On July 16, 2018, appellant filed a "Motion for Leave to File Late Notice of Appeal/Continuance."

Because the notice of appeal in this case was not timely filed, we lack jurisdiction to entertain the appeal.  *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (holding

that if appeal is not timely perfected, court of appeals does not obtain jurisdiction to address merits of appeal, and court may take no action other than to dismiss appeal; court may not suspend rules to alter time for perfecting appeal); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996);[1] *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991) (explaining that writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure governs out-of-time appeals from felony convictions).

Accordingly, we dismiss this appeal for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH

---

[1] We also note the trial court's certification in this appeal states that "this criminal case is a plea-bargain case, and the defendant has NO right of appeal." The clerk's record contains a written plea bargain, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant; therefore, the trial court's certification accurately reflects that the criminal case is a plea-bargain case. *See* TEX. R. APP. P. 25.2(a)(2). Rule 25.2(d) of the Texas Rules of Appellate Procedure provides, "The appeal must be dismissed if a certification that shows the defendant has a right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d).